MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
Brian D. Fahy, Bar No. 266750
brian.fahy@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Andrea Fellion, Bar No. 262278
andrea.fellion@morganlewis.com
Amy A. McGeever, Bar No. 296758
amy.mcgeever@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE RONQUILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-00207<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

DB1/ 101260932.2

1    **TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA**

2    **AND PLAINTIFF AND HIS COUNSEL OF RECORD**:

3        **PLEASE TAKE NOTICE THAT** Defendant Amazon.com, Inc.

4    ("Amazon" or "Defendant"), by and through its counsel, removes the above-

5    entitled action to this Court from the Superior Court of the State of California,

6    County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This

7    removal is based on the following grounds:

8    **I.    PROCEDURAL BACKGROUND**

9        1.    On November 15, 2018, Plaintiff Louie Ronquillo ("Plaintiff") filed an

10    unverified putative class action complaint for damages in the Superior Court of the

11    State of California, County of Los Angeles, entitled *Louie Ronquillo, individually*

12    *and on behalf all other similarly situated current and former employees of*

13    *Amazon.com, Inc. v. Amazon.com, Inc., a corporation; and DOES 1 through 100,*

14    *inclusive*, Case No. 18STCV05155 (the "Complaint").

15        2.    On December 10, 2018, Defendant accepted served and signed a

16    Notice and Acknowledgment of Receipt of Plaintiff's Complaint and Summons.

17    Additionally, Defendant acknowledged receipt of the Civil Case Cover Sheet, Civil

18    Case Cover Sheet Addendum, Notice of Case Assignment, ADR Info. Packet, and

19    Voluntary Efficient Litigation Stipulations (hereinafter "Accompanying

20    Documents").  A copy of Plaintiff's Complaint, Summons and Accompanying

21    Documents is attached as **Exhibit A**.  A copy of Defendant's Notice of

22    Acknowledgment of Receipt is attached as **Exhibit B**.  Exhibits A and B constitute

23    all of the pleadings, process, and orders served upon Defendant in the Superior

24    Court action.

25        3.    Plaintiff alleges that he, and a class of other similarly situated current

26    and former employees of Amazon, were misclassified as independent contractors

27    by Amazon.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

1

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

4.      Plaintiff seeks to represent a class of: "Delivery Drivers who either currently work, or formerly worked for DEFENDANT as independent contractors in the State of California within four (4) years preceding the filing of this action, and who did not employ other individuals to deliver good for DEFENDANT." (Exh. A, ¶ 4.)

5.      Based on Plaintiff's belief that he was misclassified, Plaintiff alleges the following violations in eleven causes of action against Defendants: (1) Violation of Labor Code § 226.8 for misclassification of employees as independent contractors; (2) Violation of Labor Code § 226.7 and Industrial Welfare Commission Wage Order ("IWC Wage Order") 9-2001(12) for failure to provide rest breaks; (3) Violation of Labor Code § 226.7 and IWC Wage Order 9-2001(11) for failure to provide meal breaks; (4) Violation of Labor Code §§ 1194, and 1197 for failure to pay minimum and overtime wages; (5) Violation of Labor Code §§ 201-203 for failure to pay all wages due to quitting and terminated employees, including waiting-time penalties; (6) Violation of Labor Code § 204 for failure to pay all wage due; (7) Violation of Labor Code § 2802 for failure to reimburse employment related expenses; (8) Violation of Labor Code § 246 for failure to provide sick leave; (9) Violation of IWC Wage Order 9-2001(4) for failure to provide split-shift premiums; (10) Violation of Labor Code § 226 for failure to provide accurate pay statements; and (11) Violation of Bus. & Prof. Code § 17200 for unlawful business practices.  (Exh. A, ¶¶ 16-58.)

## II.    **REMOVAL IS TIMELY**

6.      On December 10, 2018, Defendant's counsel executed the Notice and Acknowledgment of Receipt accepting service in this matter.  Service of the Summons and Complaint was therefore deemed to be completed on December 10, 2018.  Code of Civ. Proc. § 415.30(c).  Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing,*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

2

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

*Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

**III.    THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA**

7.    Plaintiff seeks to bring this action as a putative class action under Cal. Code Civ. Proc. § 382.  (Exh. A, ¶ 15.)  Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.  Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, are entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[1]  Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

**A.    The Putative Class Has More Than 100 Members.**

8.    Plaintiff asserts claims on behalf of a putative class comprised of all "Delivery Drivers who either currently work, or formerly worked for [Amazon] as independent contractors in the State of California within four (4) years preceding the filing of this action, and who did not employ other individuals to deliver goods for [Amazon]."  (Exh. A, ¶ 4.)  Individuals crowdsourced through a smartphone-application-based program known as Amazon Flex who contract with Amazon are called Delivery Partners.  (Defendant's Request for Judicial Notice in Support of

---

[1] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.  Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

3

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

Removal Exh. 1, Declaration of Piyush Lumba ("RJN Lumba *Keller* Decl."), ¶¶ 4-7.)  These individuals provide delivery services for Amazon as independent contractors. (*Id*.)  Based on Plaintiff's definition, the putative class contains more than 40,000 Delivery Partners as of August 26, 2018[2] who have performed delivery services through the Amazon Flex mobile application in California.  (Declaration of Peter Nickerson ("Nickerson Decl."), ¶¶ 3-5.)

### B.    Diversity of Citizenship Exists.

9.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co*., 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

10.    "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).  Plaintiff admits that he worked in California and is a resident of California, County of Los Angeles. (Exh. A, ¶¶ 3-4.)  The Complaint does not allege any alternate state citizenship. Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

---

[2] Amazon is using data current as of August 26, 2018.  As a result, Amazon's calculations undercount the number of putative class members, former Delivery Partners, and related calculations as to the amount allegedly in controversy.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

4

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

Moreover, Plaintiff has brought claims on behalf of putative class members who either currently work in or formerly worked for Amazon in the State of California. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

11.    Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]"  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

12.    Delivery Partners enter into an "Independent Contractor Terms of Service" agreement with Amazon, which is incorporated under the laws of Delaware and has its headquarters and principal place of business in Seattle, Washington.  (Exh. A, ¶ 14; RFJN Lumba *Keller* Decl., ¶ 3.)  This makes Amazon a citizen of Washington and Delaware for diversity purposes.  28 U.S.C. § 1332(c)(1).  Accordingly, at least one member of the putative plaintiff class is a citizen of California while Amazon is a citizen of Washington and Delaware diversity of citizenship is satisfied and diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
DB1/ 101260932.2

5

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

C.     **The Amount In Controversy Exceeds $5,000,000.**

13.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

14.     Defendant's burden to establish the amount in controversy is by a preponderance of the evidence.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014).  *See also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases).  A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135 S. Ct. at 554.  "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

15.     A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations."  *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted).  *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

6

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1    with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs.,*

2    *Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in

3    controversy, Defendants "are not stipulating to damages suffered, but only

4    estimating the damages in controversy."). The ultimate inquiry is what amount is

5    put "in controversy" by the plaintiff's complaint, not what a defendant will actually

6    owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts

7    are directed "to first look to the complaint in determining the amount in

8    controversy.").

9        16.    Under *Dart Cherokee*, a removing defendant is not required to submit

10    evidence in support of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015

11    U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. 2015). However, as detailed below,

12    Defendant has established by a preponderance of the evidence that the amount in

13    controversy exceeds $5 million and that the Court has jurisdiction pursuant to

14    CAFA. *See, e.g.*, *Gallegos v. Atria Mgmt. Co., LLC*, 2016 U.S. Dist. LEXIS

15    104323, at *4-5 (C.D. Cal. Aug. 4, 2016) (denying remand and holding calculations

16    for the purposes of CAFA removal to be grounded in "reasonable assumptions"

17    where the defendant's Director of Payroll multiplied the number of employees by

18    workweeks and average rates of pay to calculate meal period and rest break claims).

19    As discussed below, when the claims of the putative class members in the present

20    case are aggregated, their claims put into controversy over $5 million in potential

21    damages. 28 U.S.C. § 1332(d)(2).

22        17.    Although Defendant denies Plaintiff's factual allegations and denies

23    that he or the class he seeks to represent are entitled to the relief for which he has

24    prayed, Plaintiff's allegations and prayer for relief have "more likely than not" put

25    into controversy an amount that exceeds the $5 million threshold when aggregating

26    the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

27    _____

28    [3] This Notice of Removal discusses the nature and amount of damages placed at issue by
      Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

7

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1.    **Evidence Demonstrating Amount in Controversy.**

18.    Plaintiff seeks to represent a class of all "Delivery Drivers who either currently work, or formerly worked for [Amazon] as independent contractors in the State of California within four (4) years preceding the filing of this action, and who did not employ other individuals to deliver good for [Amazon]." (Exh. A, ¶ 4.) The first delivery by a Delivery Partner in California through the Amazon Flex app program occurred on October 2, 2016. (RJN Lumba *Keller* Decl., ¶4). Accordingly, the relevant class period begins October 2, 2016 (the "class period").

19.    More than 40,000 putative class members performed delivery services in California during the period from October 2, 2016 to August 26, 2018. (Nickerson Decl., ¶ 5.) Of those putative class members, at least 15,000 had stopped participating in the Flex Program as of August 26, 2018. (*Id.* at ¶ 6.)

a.    **Plaintiff's Fifth Cause of Action For Failure to Pay All Wages Due to Discharged or Quitting Employees, Including Waiting Time Penalties Puts More Than $16,200,000 in Controversy.**

20.    Plaintiff alleges that "[a]t the time of *all* respective termination and quitting dates of PLAINTIFFS, PLAINTIFFS had unpaid wages which were due, on account of DEFENDANT's violations of the Labor Code and Wage Order set forth above." (Exh. A, ¶ 33 (emphasis added).) Plaintiff further alleges that "[i]n violation of Labor Code §§ 201, 202, 203, DEFENDANT failed to pay wages due and owing to PLAINTIFFS who are former employees of DEFENDANT…" and

---

comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Amazon maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member is entitled to recover any of the penalties they seek in the Complaint. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

8

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1   that "PLAINTIFFS are therefore entitled to waiting time penalties pursuant to

2   California Labor Code § 203, which provides that an employee's wages will

3   continue as a penalty for up to thirty (30) days from the time the wages are due."

4   (Exh. A, ¶¶ 34-35.)  The Complaint seeks unpaid wages on behalf of all putative

5   class members, and alleges that wages continue to be due to all putative class

6   members.  (Exh. A, ¶¶ 30, 34.)

7           21.    Plaintiff's Fifth Cause of Action alone puts more than $5,000,000 in

8   controversy, based on a conservative estimate of the waiting-time penalties sought

9   in the Complaint. If only 50% of the 15,000 former Delivery Partners could recover

10  the alleged maximum penalties sought in the Complaint (calculated as one day's

11  alleged wages for each of 30 days), the estimated penalties would be $16,200,000 –

12  *i.e.*, $18 per hour[4] x 4 hours per day[5] x 30 days x 7,500 delivery partners.

**b.    Plaintiff's Tenth Cause of Action For Failure to Provide Accurate Wage Statements Puts More Than $2,250,000 in Controversy.**

15          22.    Plaintiff alleges that "DEFENDANT failed to provide PLAINTIFFS

16  with wage statements and/or accurate wage statements as required by Labor Code

17  §226."  (Exh. A, ¶ 52.)  Thus, Plaintiff alleges that each putative class member

18  sustained at least one wage statement violation during the limitations period.

19          23.    A wage statement claim has a one-year statute of limitations.  Thus,

20  only a portion of the putative class, the "wage statement putative class," are

21  included in Plaintiffs' claim for wage statement penalties. From November 15,

22

23

24  [4] $18 per hour is a conservative estimate of the average hourly fee earned by the Delivery
    Partners. This is the minimum service fee that can be earned. (Defendant's Request for Judicial
    Notice in Support of Removal Exh. 2, Declaration of Piyush Lumba ("RJN Lumba *Rittman*
25  Decl." ¶¶ 10-11; *see also* https://flex.amazon.com/.)

26  [5] 4 hours per day is a conservative estimate of the average amount of time a Delivery Partner
27  spends per day making deliveries as the time spent depends on the Delivery Partner's availability
    and choice of delivery block. (*See* RJN Lumba *Rittman* Decl., ¶ 12.)

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

9

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

2017 through August 26, 2018,[6] more than 45,000 Delivery Partners provided delivery services in California during at least one calendar week. (Nickerson Decl., ¶ 7.) Thus, a conservative estimate of the wage statement penalties in controversy that only accounts for a single $50 penalty per putative wage statement class member for the alleged initial wage statement violations places at least $2,250,000 in controversy – *i.e.*, 45,000 x $50.  This does not include any potential additional penalties for any alleged subsequent wage statement violations, as to putative class members who made deliveries during more than one week.

**c.    Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.**

24.    A conservative estimate of the waiting time penalties and wage statement penalties sought in the Complaint shows that Plaintiff's alleged amount in controversy exceeds $18,450,000. Defendant has demonstrated by a preponderance of the evidence that the amount in controversy easily exceeds the $5,000,000.00 threshold.  However, in addition to the foregoing amount, Plaintiff's other causes of action also place additional amounts in controversy, further exceeding the CAFA threshold.

25.    Plaintiff's First, Second, Third, Fourth, Sixth, Seventh, Eighth, and Ninth Causes of Action all place additional amounts in controversy.  Plaintiff's First Cause of Action for Misclassification of Employees as Independent Contractors in violation of Labor Code section 226.8 seeks wages and penalties based on Plaintiff's allegation that Defendant willfully misclassified putative class members.  (Exh. A, ¶¶ 16-19.)

26.    Plaintiff's Second and Third Causes of Action for Failure to Provide Required Rest Breaks and Meal Periods in violation of Labor Code sections 226.7 and 512 allege that defendant "failed to authorize and permit PLAINTIFFS to take

---

[6] The full limitations period up to the day or removal would result in a larger wage statement putative class.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

10

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1  10 minute paid rest breaks" and that defendant "failed to provide PLAINTIFFS

2  with 30 minute, uninterrupted unpaid meal periods." (Exh. A, ¶¶ 20-27.) Labor

3  Code section 226.7 provides that when "an employer fails to provide an employee a

4  meal or rest or recovery period in accordance with state law… the employee shall

5  pay the employee one additional hour of pay." Plaintiff alleges that he and the

6  putative class members are entitled to recover these damages for all alleged meal

7  period and rest period violations.

8      27.    Plaintiff's Fourth Cause of Action for Failure to Pay Minimum Wage

9  and Overtime Wages in violation of Labor Code sections 1194 and 1197 alleges

10  that Defendant "failed to pay PLAINTIFFS the legal minimum wage and the legal

11  minimum overtime wage." (Exh. A, ¶¶ 28-30.) Plaintiff further alleges that "[t]his

12  failure was the result of DEFENDANT requiring PLAINTIFFS to wait in line to

13  pick up their assigned deliveries, without being paid for that time." (Exh. A, ¶ 29.)

14  Plaintiff seeks damages for all wages earned and due as well as liquidated damages

15  as applicable. (Exh. A, ¶ 30.)

16      28.    Plaintiff's Sixth Cause of Action for Failure to Pay All Wages Due in

17  violation of Labor Code section 204 alleges that Defendant failed to pay all wages

18  due as a result of the alleged violations pleaded in Causes of Action One through

19  Five. (Exh. A, ¶¶ 35-38.)

20      29.    Plaintiff's Seventh Cause of Action for Failure to Reimburse

21  Employment Related Expenses in violation of Labor Code section 2808 alleges that

22  Plaintiff was required to incur expenses for "fuel for [his] vehicle, mileage on [his]

23  vehicle, insurance on [his] vehicle, maintenance on [his] vehicle, and other

24  expenses" which were incurred in the course of discharging his duties. Therefore,

25  he alleges he and other Delivery Partners are entitled to recover the unpaid balance

26  of the expenses. (Exh. A, ¶¶ 39-42.)

27      30.    Plaintiff's Eighth Cause of Action for Failure to Provide Paid Sick

28  Leave in violation of Labor Code section 246 alleges that Defendant failed to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
DB1/ 101260932.2

11

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1  provide sick leave to "PLAINTIFFS who worked more than 30 days from the

2  commencement of employment" and "were entitled with sick leave."  Plaintiff

3  alleges that he and other Delivery Partners are entitled to recover the unpaid

4  balance of these expenses.  (Exh. A, ¶¶ 43-46.)

5      31.    Plaintiff's Ninth Cause of Action for Failure to Pay Split Shift

6  Premiums in violation of IWC Wage Order 9-2001(4) alleges that Defendant was

7  required to make a one-hour premium payment to Delivery Partners who allegedly

8  worked a split shift and that Defendant "failed to make split shift premium

9  payments as required by the Wage Order."  (Exh. A, ¶¶ 47-50.)

10     32.    Additionally, Plaintiff seeks recovery of attorneys' fees.  (Exh. A,

11  Prayer for Relief ¶ 9.)  Attorneys' fees are properly included in determining the

12  amount in controversy.  *See Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 698

13  (9th Cir. 2007).  Estimated future attorneys' fees are properly included in

14  determining the amount in controversy, including for class actions seeking fees

15  under Labor Code Section 226.  *See Fritsch v. Swift Transportation Co. of Arizona,*

16  *LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the

17  plaintiff] to an award of attorneys' fees if he is successful, such future attorneys'

18  fees are at stake in the litigation, and must be included in the amount in

19  controversy."). The Ninth Circuit held that future fee estimates can be based on

20  "customary rates and proper fees," and that "a percentage-based method," such as

21  25% of the amount in controversy, may also be relevant when estimating the

22  amount of fees included in the amount in controversy.  *Id.* at 795 and 796, fn. 6.

23     33.    Defendant denies Plaintiff's claim for attorneys' fees.  However, for

24  purposes of removal, even though Defendant has already demonstrated by a

25  preponderance of the evidence that the amount in controversy exceeds $5,000,000,

26  Defendant notes that the inclusion of future attorneys' fees would increase the

27  amount in controversy by a material amount.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 101260932.2

12

DEFENDANT'S NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]