

RASTEGAR
LAW GROUP

22760 Hawthorne Boulevard, Suite 200
Torrance, California 90505
Telephone:     (310) 961-9600
Facsimile:     (310) 961-9094
Email:          doug@rastegarlawgroup.com
rastegarlawgroup.com

RECEIVED

NOV 23 2018

AMAZON.COM, INC
LEGAL DEPARTMENT

November 19, 2018

**Via U.S. Mail**

**Mr. David Zapolsky**
AMAZON.COM, INC.
410 Terry Ave., North
Seattle, WA 98109

*Sub Civil*

Dear Mr. Zapolsky,

The following documents are enclosed in this envelope: Summons, Complaint, Voluntary Efficient Litigation Stipulations, Civil Case Cover Sheet Addendum, Notice of Case Assignment, Alternative Dispute Resolution Information Packet, Civil Case Cover Sheet, and a Notice and Acknowledgment of Receipt. Please sign and date the Notice and Acknowledgment of Receipt and return to our address.

Should you have any questions, please do not hesitate to contact our office. Thank you for your anticipated courtesy and cooperation in this matter.

Very truly yours,

**RASTEGAR LAW GROUP, APC**

Douglas Perlman

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Farzad Rastegar (SBN: 155555); Douglas Perlman (SBN: 167203)<br>RASTEGAR LAW GROUP, APC<br>22760 Hawthorne Blvd.,<br>Torrance, CA 90505<br>TELEPHONE NO.: (310) 961-9600    FAX NO. *(Optional)*: (310) 961- 9094<br>E-MAIL ADDRESS *(Optional)*: farzad@rastegarlawgroup.com<br>ATTORNEY FOR *(Name)*: Louie Ronquillo | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: 312 N. Spring Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street

PLAINTIFF/PETITIONER: Louie Ronquillo

DEFENDANT/RESPONDENT: AMAZON.COM, INC.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>18STCV05155 |
|---|---|

TO *(insert name of party being served)*: AMAZON.COM, INC.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: November 19, 2018

Jocelyn Foust
_____
(TYPE OR PRINT NAME)

▶ _Jocelyn Foust_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
   Voluntary Efficient Litigation Stipulations, Civil Case Cover Sheet Addendum, Notice of Case Assignment, ADR Info Packet, Civil Case Cover Sheet

*(To be completed by recipient):*

Date this form is signed:

_____        ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

COPY

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM, INC., a corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LOUIE RONQUILLO, individually, and on behalf of all other similarly situated current and former employees of AMAZON.COM, INC.,

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

NOV 15 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | **CASE NUMBER:**<br>*(Número del Caso):*<br>**18STCV05155** |

111 N. Hill St.,
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Farzad Rastegar; Rastegar Law Group, APC; 22760 Hawthorne Blvd., Torrance, CA 90505; (310) 961-9600

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | NOV 15 2018 | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* Isaac Lovo | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                          (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➢  _____
    (TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➢  _____
    (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____            ➢  _____
    (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____            ➢  _____
    (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____            ➢  _____
    (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____            ➢  _____
    (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____            ➢  _____
    (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| `STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:  _____          _____
                                              JUDICIAL OFFICER

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Confirmed COPY

| SHORT TITLE: Louie Ronquillo v. Amazon.com, Inc. | CASE NUMBER | 18STCV05155 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | Louie Ronquillo v. Amazon.com, Inc. | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Louie Ronquillo v. Amazon.com, Inc. | | |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Louie Ronquillo v. Amazon.com, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _November 15, 2018_

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/15/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Isaac Lovo _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>18STCV05155 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | John Shepard Wiley | 9 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/15/2018
(Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By Isaac Lovo _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

    In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

    - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

    - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Conformed COPY

1  FARZAD RASTEGAR, State Bar No. 155555
   farzad@rastegarlawgroup.com
2  DOUGLAS W. PERLMAN, State Bar No. 167203
   douglas@rastegarlawgroup.com
3  **RASTEGAR LAW GROUP, APC**
4  22760 Hawthorne Boulevard, Suite 200
   Torrance, California 90505
5  Tel.: (310) 961-9600
   Fax: (310) 961-9094
6
7  Attorneys for Plaintiff Louie Ronquillo, individually,
   and on behalf of all other similarly situated current and
8  former employees of Amazon.com, Inc.

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**NOV 15 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF LOS ANGELES**

11

12  LOUIE RONQUILLO, individually, and on      CASE NO.:  **18STCV05155**
    behalf of all other similarly situated current
13  and former employees of AMAZON.COM,        **CLASS ACTION COMPLAINT FOR**
    INC.,                                      **DAMAGES FOR:**
14
15          Plaintiff,                         1. Misclassification of Employees as
                                               Independent Contractors (Cal. Labor Code
16              vs.                            §226.8)

17                                             2. Failure to Provide Rest Breaks (Cal. Labor
    AMAZON.COM, INC., a corporation; and       Code §226.7; IWC Wage Order 9-2001(12) )
18  DOES 1 through 100, inclusive,
                                               3. Failure to Provide Meal Periods (Cal. Labor
19          Defendants.                        Code §226.7; IWC Wage Order 9-2001(11) )
20
                                               4. Failure to Pay Minimum Wage and
21                                             Minimum Overtime Wage (Cal. Labor Code
                                               §§ 1194 & 1197)
22
                                               5. Failure to Pay All Wages Due to Quitting
23                                             and Terminated Employees (Cal. Labor Code
24                                             §§ 201-203)

25                                             6. Failure to Pay All Wages Due (Cal. Labor
                                               Code §204)
26
                                               7. Failure to Reimburse Employment Related
27                                             Expenses (Cal. Labor Code § 2802)
28

1.
CLASS ACTION COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8.  Failure to Provide Paid Sick Leave (Cal. Labor Code § 246)

9.  Failure to Pay Split Shift Premiums (IWC Wage Order 9-2001(4)

10.  Failure to Provide Accurate Pay Statements (Cal. Labor Code § 226)

11.  Unlawful Business Practices (Cal. Bus. & Prof. Code § 17200)

**DEMAND FOR JURY TRIAL**

2.

CLASS ACTION COMPLAINT FOR DAMAGES

1 │ Plaintiff hereby alleges as follows:

2 │ **JURISDICTION AND VENUE**

3 │     1.    This Court is the proper Court, and this action is properly filed in the Superior
4 │ Court of the State of California, County of Los Angeles, because Defendant maintains offices and
5 │ facilities and transacts business in the County of Los Angeles, and because Defendant's illegal
6 │ wage and payroll policies and practices which are the subject of this action were applied, at least
7 │ in part, to Plaintiffs in the County of Los Angeles.

8 │ **PLAINTIFF**

9 │     2.    Plaintiff Louie Ronquillo (hereinafter "NAMED PLAINTIFF") on behalf of
10 │ himself individually, and other similarly situated current and former employees in the State of
11 │ California (collectively "PLAINTIFFS") of Defendant AMAZON.COM, INC., (hereinafter
12 │ "DEFENDANT"), a corporation, and Defendants Does 1 through 100 (hereinafter
13 │ "DEFENDANTS DOES 1 through 100"), (collectively "DEFENDANTS"), bring this Class
14 │ Action to recover, among other things, unpaid wages earned and penalties due from
15 │ misclassification as independent contractors, illegal meal period policies and procedures, illegal
16 │ rest break policies and procedures, failure to pay all wages due, failure to pay all wages due to
17 │ discharged or quitting employees, failure to pay minimum and overtime wages, failure to provide
18 │ accurate pay statements, failure to provide paid sick leave, failure to reimburse employment
19 │ related expenses, unlawful business practices, interest, attorneys' fees, costs, and expenses.
20 │ PLAINTIFFS reserve the right to name additional class representatives.

21 │     3.    NAMED PLAINTIFF is a resident of California, County of Los Angeles.  At all
22 │ relevant times, herein, NAMED PLAINTIFF worked for DEFENDANT as a misclassified
23 │ independent contractor.  NAMED PLAINTIFF should have been classified by DEFENDANT as a
24 │ non-exempt, hourly employee.

25 │     4.    PLAINTIFFS are Delivery Drivers who either currently work, or formerly worked
26 │ for DEFENDANT as independent contractors in the State of California within the four (4) years
27 │ preceding the filing of this action, and who did not employ other individuals to deliver goods for
28 │ DEFENDANT.

3.
CLASS ACTION COMPLAINT FOR DAMAGES

**DEFENDANTS**

5.    At all relevant times alleged herein, PLAINTIFFS are informed and believe, and thereon allege that DEFENDANT is, and at all times relevant hereto was a corporation. PLAINTIFFS are further informed and believe, and thereon allege, that DEFENDANT conducts business in the State of California.  Specifically, upon information and belief, DEFENDANT maintains offices and warehouse facilities, and conducts business in, and engages in illegal wage and payroll practices and/or policies in the State of California, County of Los Angeles.

6.    The true names and capacities of DEFENDANTS DOES 1 through 100, inclusive, are unknown to PLAINTIFFS who therefore sue said DEFENDANTS DOES 1 through 100 by fictitious names.  PLAINTIFFS will amend this Complaint to show their true names and capacities when they have been ascertained.

7.    All claims against DEFENDANT are also pled against DEFENDANTS DOES 1 through 100.

8.    PLAINTIFFS are informed and believe and thereon allege that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failure to act were within the course and scope of said agency, employment and/or direction and control.

9.    In perpetrating the acts and omissions alleged herein, DEFENDANT acted pursuant to and in furtherance of its policies and practices of misclassifying its delivery drivers for the purposes of avoiding the requirements of the California Labor Code and IWC Wage Orders.

10.    As a direct and proximate result of the unlawful actions of DEFENDANT, PLAINTIFFS have suffered and continue to suffer from unpaid wages in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**STATEMENT OF FACTS**

4.

CLASS ACTION COMPLAINT FOR DAMAGES

1        11.     In or about 2017, NAMED PLAINTIFF commenced employment with

2   DEFENDANT as a Delivery Driver.  NAMED PLAINTIFF was misclassified as an independent

3   contractor.  On account of his job duties and the nature of his employment, NAMED PLAINTIFF

4   should have been classified as a non-exempt hourly employee for at least the following reasons:

5        A.     NAMED PLAINTIFF was not free from the control and direction of

6   DEFENDANT in connection with the performance of his work.  NAMED PLAINTIFF was

7   required to pick up packages to be delivered at a designated warehouse.  When NAMED

8   PLAINTIFF picked up packages, he was provided with either a three hour, four hour, or five hour

9   window in which to make all of the deliveries which he was assigned.  NAMED PLAINTIFF was

10  required to use DEFENDANT's software in making the deliveries, and to alert DEFENDANT

11  when each delivery was made.  Moreover, if NAMED PLAINTIFF failed to make all assigned

12  deliveries within the given window, he was required to report to DEFENDANT the reasons why.

13  NAMED PLAINTIFF was not permitted to work more than eight hours per day.

14       B.     NAMED PLAINTIFF did not preform work that was outside DEFENDANT's

15  usual course of business.  DEFENDANT is a company that markets goods for sale online.

16  DEFENDANT's business model is to deliver the goods to the customer, rather than to sell goods

17  in "brick and mortar" stores in which customers must come to the seller.  Home delivery is a

18  daily, essential part of DEFENDANT's business.

19       C.     NAMED PLAINTIFF was not customarily engaged in an independently

20  established trade, occupation, or business of the same nature as the work performed.

21  DEFENDANT's Delivery Drivers generally work for DEFENDANT, and only for

22  DEFENDANT, on a full-time basis.  They are not independently established businesses, such as a

23  plumber or an electrician, or a construction contractor, that DEFENDANT might hire on an as-

24  needed basis, and that spend the majority of their time working for other customers.

25  PLAINTIFFS are an integral and everyday part of DEFENDANT's business – bringing the goods

26  to the customer, rather than the customer having to travel to the DEFENDANT's place of business

27  to pick up purchased goods.

28
                                        5.
                    CLASS ACTION COMPLAINT FOR DAMAGES

12.     The foregoing misclassification of NAMED PLAINTIFF as an independent contractor caused, resulted in, and/or contributed to DEFENDANT subjecting NAMED PLAINTIFF to the following violations of the California Labor Code and IWC Wage Orders:

A.     IWC Wage Order 9-2001(12) requires DEFENDANT to provide its employees with a paid 10 minute rest break for each four hour work period or major fraction thereof. On account of DEFENDANT's misclassification of NAMED PLAINTIFF as an independent contractor, NAMED PLAINTIFF was paid on a piece-rate basis.  DEFENDANT's payment arrangements did not include any paid rest breaks. I.e., NAMED PLAINTIFF only earned wages while he was working. If NAMED PLAINTIFF was idle, he was not paid. Therefore, NAMED PLAINTIFF was not provided 10 minute paid rest breaks as required by IWC Wage Order 9-2001(12). Furthermore, NAMED PLAINTIFF was not provided with the extra hour of wages required by the Wage Order and the Labor Code for each shift in which a required rest break was not provided.

B.     IWC Wage Order 9-2001(11) and California Labor Code §512 require DEFENDANT to provide its employees who are employed for a work period of five hours or more with an unpaid 30 minute meal period. DEFENDANT did not inform NAMED PLAINTIFF of his right to a meal period, and had no policy permitting NAMED PLAINTIFF to take a meal period. As a consequence, NAMED PLAINTIFF was not provided with meal periods as required by California Law. Furthermore, NAMED PLAINTIFF was not provided with the extra hour of wages required by the Wage Order and the Labor Code for each shift in which a meal period was not provided.

C.     On a daily basis, when NAMED PLAINTIFF arrived at DEFENDANT's warehouse to pick up his items for delivery, he was required to wait in a line that typically consumed between 10 and 30 minutes. NAMED PLAINTIFF was not paid for this time, in violation of California Labor Code §§ 1194 and 1197. Furthermore, DEFENDANT does not pay time-and-a-half for work over 8 hours in a day, or work over 40 hours in a week. Failure to pay these wages also constitutes a violation of California Labor Code § 204.

CLASS ACTION COMPLAINT FOR DAMAGES

1    D.    On account of the foregoing Labor Code and Wage Order violations,

2  DEFENDANT's employees who quit or are terminated are owed substantial wages at the time of

3  termination. However, DEFENDANT does not pay quitting or terminated PLAINTIFFs these

4  wages. Failure to pay these wages violates California Labor Code §§ 201 and/or 202.

5    E.    NAMED PLAINTIFF has incurred employment-related expenses for fuel, mileage,

6  and maintenance in the process of carrying out his job duties. DEFENDANT does not reimburse

7  its Delivery Drivers, including NAMED PLAINTIFF, for these expenses, which violates

8  California Labor Code § 2802.

9    F.    California Labor Code § 226 requires employers to provide their employees with

10  accurate earnings statements containing the following information: (1) gross wages earned, (2)

11  total hours worked by the employee, except as provided in subdivision (j), (3) the number of

12  piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

13  (4) all deductions . . . (5) net wages earned, (6) the inclusive dates of the period for which the

14  employee is paid, (7) the name of the employee and only the last four digits of his or her social

15  security number or an employee identification number other than a social security number, (8) the

16  name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in

17  effect during the pay period and the corresponding number of hours worked at each hourly rate by

18  the employee. DEFENDANT did not and does not provide NAMED PLAINTIFF with wage

19  statements containing this information, due to its misclassification of him as an independent

20  contractor.

21    G.    NAMED PLAINTIFF has often had to wait a number of hours after completing

22  assigned deliveries before the next group of assigned deliveries was provided. This practice

23  constitutes a split shift pursuant to IWC Wage Order 9-2001(4)(C). DEFENDANT does not pay

24  NAMED PLAINTIFF the required extra hour of wages resulting from split shifts.

25    H.    California Labor Code § 246 requires employers to provide paid sick leave. Due to

26  DEFENDANT's misclassification of its delivery drivers as independent contractors, paid sick

27  leave was not provided to NAMED PLAINTIFF.

28

7.

CLASS ACTION COMPLAINT FOR DAMAGES

1     13.    On information and belief, the other Delivery Drivers employed by DEFENDANT

2   as independent contractors in the State of California are similarly situated to NAMED

3   PLAINTIFF, as DEFENDANT's illegal policies and practices set forth above were applied

4   consistently to all PLAINTIFFS. These policies and practices were designed for the sole and

5   exclusive benefit of DEFENDANT.

6     14.    DEFENDANT's aforementioned unlawful policies and practices were in effect

7   throughout PLAINTIFF'S employment with DEFENDANT, and were applied uniformly to

8   NAMED PLAINTIFF and his co-workers.

9                   **CLASS ACTION DESIGNATION**

10     15.    PLAINTIFFS' causes of action for misclassification, failure to authorize and permit

11   rest breaks, failure to provide meal periods, failure to pay minimum wage, failure to pay all wages

12   due, failure to pay all wages due to discharged or quitting employees, failure to provide accurate

13   pay statements, failure to reimburse employment related expenses, failure to provide sick leave,

14   and unlawful business practices, are appropriately suitable for class treatment because:

15         A.    The potential class is a significant number. Joinder of all current and

16   former employees individually would be impractical.

17         B.    This action involves common questions of law and fact to the potential

18   class because the action focuses on the DEFENDANT's systematic course of illegal employment

19   and payroll practices and policies, which was applied to all similarly situated misclassified

20   Delivery Drivers in violation of the California Labor Code, the IWC Wage Order, and the

21   California Business and Professions Code which prohibits unfair business practices arising from

22   such violations.

23         C.    The claims of the NAMED PLAINTIFF are typical of the class because

24   DEFENDANT subjected all of their similarly situated misclassified Delivery Drivers to the

25   identical violations of the California Labor Code, IWC Wage Order, and California Business and

26   Professions Code.

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

1       D.    The NAMED PLAINTIFF is able to fairly and adequately protect the

2   interests of all members of the Class because it is in NAMED PLAINTIFF's best interest to

3   prosecute the claims alleged herein to obtain full compensation due to PLAINTIFFS for all

4   services rendered and hours worked.

5   ### FIRST CAUSE OF ACTION

6   **Misclassification of Employees as Independent Contractors**

7   **[California Labor Code § 226.8]**

8   **(Against All Defendants)**

9       16.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the

10  allegations in paragraph 1 through 15, inclusive.

11      17.    At all times relevant herein; California Labor Code § 226.8 was in effect and was

12  binding on DEFENDANT.  California Labor Code § 226.8 prohibits employers from

13  misclassifying employees as independent contractors.

14      18.    DEFENDANT violated California Labor Code § 226.8 by misclassifying

15  PLAINTIFFS as independent contractors rather than as employees, as set forth in Paragraphs 11-

16  14 above.

17      19.    As a proximate result of the aforementioned violations, PLAINTIFFS have been

18  damaged in an amount according to proof at trial, and seek all wages earned and due, interest,

19  penalties, attorneys' fees, expenses and costs of suit.

20  ### SECOND CAUSE OF ACTION

21  **Failure to Provide Required Rest Breaks**

22  **[California Labor Code § 226.7]**

23  **(Against All Defendants)**

24      20.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the

25  allegations in paragraph 1 through 19, inclusive.

26      21.    At all times relevant herein, California Labor Code § 226.7 and IWC Wage Order

27  9-2001(12) were in effect and binding upon DEFENDANT.  California Labor Code § 226.7 and

28

9.
CLASS ACTION COMPLAINT FOR DAMAGES

1    IWC Wage Order 9-2001(12) require DEFENDANT to authorize and permit employees to take a

2    10 minute, uninterrupted paid rest break for each four-hour work period or major fraction thereof.

3    On account of the misclassification of PLAINTIFFS set forth above, DEFENDANT failed to

4    authorize and permit PLAINTIFFS to take 10 minute paid rest breaks.  Furthermore, if

5    PLAINTIFFS took an unauthorized rest break while working, they were not paid for the rest

6    break, as they were not earning wages during the time they were not driving.

7        22.    DEFENDANT further violated California Labor Code § 226.7 and IWC Wage

8    Order 9-2001(12) by failing to pay PLAINTIFFS who were not provided with legally-compliant

9    rest breaks as required an additional one (1) hour of compensation for each work period in which

10   a legally-compliant rest break was not authorized and permitted.

11       23.    As a proximate result of the aforementioned violations, PLAINTIFFS have been

12   damaged in an amount according to proof at trial, and seek all wages earned and due, interest,

13   penalties, attorneys' fees, expenses and costs of suit.

14                    **THIRD CAUSE OF ACTION**

15                **Failure to Provide Required Meal Periods**

16                **[California Labor Code §§ 226.7, 512]**

17                    **(Against All Defendants)**

18       24.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the

19   allegations in paragraph 1 through 23, inclusive.

20       25.    At all times relevant herein, California Labor Code §§ 226.7 and 512, and IWC

21   Wage Order 9-2001(11) were in effect and binding upon DEFENDANT.  California Labor Code

22   §§ 226.7 and 512, and IWC Wage Order 9-2001(11) require DEFENDANT to provide employees

23   working five hours or more with a 30 minute, uninterrupted unpaid meal period.  On account of

24   the misclassification of PLAINTIFFS set forth above, DEFENDANT failed to provide

25   PLAINTIFFS with 30 minute, uninterrupted unpaid meal periods when they worked shifts of five

26   hours or more.

27

28
                                10.
                    CLASS ACTION COMPLAINT FOR DAMAGES

26.    DEFENDANT further violated California Labor Code §§ 226.7 and 512, and IWC Wage Order 9-2001(11) by failing to pay PLAINTIFFS who were not provided with legally-compliant meal periods as required an additional one (1) hour of compensation for each work period in which a legally-compliant meal period was not provided.

27.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wage and Minimum Overtime Wage

### [Cal. Labor Code §§ 1194 and 1197]

### (Against All Defendants)

28.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 27.

29.    At all times relevant herein, California Labor Code §§ 1194 and 1197 were in effect and binding upon DEFENDANT. California Labor Code §§ 1194 and 1197 require DEFENDANT to pay employees the legal minimum wage and the legal minimum overtime wage. On account of the misclassification of PLAINTIFFS set forth above, DEFENDANT failed to pay PLAINTIFFS the legal minimum wage and the legal minimum overtime wage. This failure was the result of DEFENDANT requiring PLAINTIFFS to wait in line to pick up their assigned deliveries, without being paid for that time, and a result of DEFENDANT not paying time-and-a-half for all hours worked over eight in a day and/or over forty in a work week.

30.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, liquidated damages for failure to pay the minimum wage, interest, penalties, attorneys' fees, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged or Quitting Employees

11.
CLASS ACTION COMPLAINT FOR DAMAGES

1       [California Labor Code §§ 201, 202, 203]

2                (Against All Defendants)

3       31.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the

4   allegations in paragraphs 1 through 30, inclusive.

5       32.    Pursuant to California Labor Code §§ 201 and 202, employers, including

6   DEFENDANT, must make timely payment of the full wages due to their employees who quit or

7   have been discharged.  California Labor Code § 203 provides waiting time penalties for violations

8   of §§ 201 and 202.

9       33.    At the time of all respective termination and quitting dates of PLAINTIFFS,

10  PLAINTIFFS had unpaid wages which were due, on account of DEFENDANT's violations of the

11  Labor Code and Wage Order set forth above.  In violation of Labor Code §§ 201, 202, 203,

12  DEFENDANT failed to pay wages due and owing to PLAINTIFFS who are former employees of

13  DEFENDANT, in amounts to be proven at the time of trial, and within the jurisdiction of this

14  Court.

15      34.    DEFENDANT has committed and continues to commit the acts alleged herein

16  knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS'

17  rights.  As a direct result, PLAINTIFFS have suffered and continues to suffer substantial losses

18  related to the use and enjoyment of such wages, lost interest on such wages, and expenses and

19  attorneys' fees in seeking to compel DEFENDANT to fully perform its obligations under state

20  law, all to their respective damages in amounts according to proof at time of trial, and within the

21  jurisdiction of this Court.  PLAINTIFFS are therefore entitled to waiting time penalties pursuant

22  to California Labor Code § 203, which provides that an employee's wages will continue as a

23  penalty for up to thirty (30) days from the time the wages are due.

24                **SIXTH CAUSE OF ACTION**

25                **Failure to Pay All Wages Due**

26                **[Cal. Labor Code § 204]**

27                **(Against All Defendants)**

28

                        12.
            CLASS ACTION COMPLAINT FOR DAMAGES

35.   PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 34.

36.   Pursuant to California Labor Code § 204, payment of all wages earned is due a minimum of twice during each calendar month.

37.   On account of the wages owing due to the Labor Code and Wage Order violations set forth above, DEFENDANT failed to pay PLAINTIFFS for all hours worked as required by Labor Code §204.

38.   As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial.  Therefore, PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANT owes PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

## SEVENTH CAUSE OF ACTION

### Failure to Reimburse Employment Related Expenses

### [Cal. Labor Code § 2802]

### (Against All Defendants)

39.   PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 38.

40.   Pursuant to California Labor Code § 2802, DEFENDANT was required to indemnify PLAINTIFFS for all necessary expenditures or losses incurred by PLAINTIFFS in direct consequence of the discharge of their duties.

41.   In the course of discharging their duties while working for DEFENDANT, PLAINTIFFS incurred expenses for, including, but not limited to, fuel for their vehicles, mileage on their vehicles, insurance on their vehicles, maintenance for their vehicles, and other expenses. DEFENDANT failed to indemnify PLAINTIFFS for any of these expenses, in violation of California Labor Code § 2802.

42.   As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial.  Therefore, PLAINTIFFS are entitled to recover

13.
CLASS ACTION COMPLAINT FOR DAMAGES

1 the unpaid balance of expenses DEFENDANT owes PLAINTIFFS, plus interest, penalties,

2 attorneys' fees, expenses and costs of suit.

### EIGHTH CAUSE OF ACTION

**Failure to Provide Paid Sick Leave**

**[Cal. Labor Code § 246]**

**(Against All Defendants)**

43.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 42.

44.    Pursuant to California Labor Code §246, DEFENDANT was required to provide PLAINTIFFS who worked more than 30 days from the commencement of their employment with paid sick leave.

45.    On account of DEFENDANT's misclassification of PLAINTIFFS as set forth above, DEFENDANT failed to provide PLAINTIFFS who were so entitled with sick leave, in violation of California Labor Code §246.

46.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial.  Therefore, PLAINTIFFS are entitled to recover the unpaid balance of expenses DEFENDANT owes PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

### NINTH CAUSE OF ACTION

**Failure to Pay Split Shift Premiums**

**[IWC Wage Order 9-2001(4)]**

**(Against All Defendants)**

47.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 46, inclusive.

48.    IWC Wage Order 9-2001(4) requires DEFENDANT to make a one hour premium payment to its employees who work split shifts.

14.
CLASS ACTION COMPLAINT FOR DAMAGES

49.    At all relevant times herein, as part of its illegal payroll policies and practices to deprive its non-exempt employees of all wages earned and due, and on account of its misclassification of PLAINTIFFS as independent contractors, DEFENDANT failed to make split shift premium payments as required by the Wage Order.

50.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, and expenses and costs of suit.

### TENTH CAUSE OF ACTION

**Failure to Provide Accurate Pay Statements**

**[California Labor Code § 226]**

**(Against All Defendants)**

51.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 50, inclusive.

52.    At all relevant times herein, as part of its illegal payroll policies and practices to deprive its non-exempt employees of all wages earned and due, and on account of its misclassification of PLAINTIFFS as independent contractors, DEFENDANT failed to provide PLAINTIFFS with wage statements and/or accurate wage statements as required by Labor Code § 226.

53.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, and expenses and costs of suit.

### TENTH CAUSE OF ACTION

**Unlawful Business Practices**

**[California Business and Professions Code § 17200]**

**(Against All Defendants)**

54.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 53, inclusive.

15.
CLASS ACTION COMPLAINT FOR DAMAGES

55.     By violating the foregoing statutes and Wage Order provisions set forth above, DEFENDANT engaged in unfair and/or unlawful business practices under California Business and Professions Code § 17200, *et seq.*

56.     DEFENDANT's conduct constitutes an unfair and unlawful business practice, because it was intended to give DEFENDANT an unfair and unlawful advantage over its competitors engaging in the same or similar businesses.  This unfair and unlawful advantage is the result of DEFENDANT's Labor Code and Wage Order violations set forth above, which reduced DEFENDANT's costs of delivering goods.  This reduction in costs was not enjoyed by DEFENDANT's competitors who did not engage in the Labor Code and Wage Order violations set forth above.

57.     DEFENDANT's violation of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of PLAINTIFFS and DEFENDANT's competitors.

58.     PLAINTIFFS have suffered damages and/or request damages and/or restitution of all monies to be disgorged from DEFENDANT in an amount according to proof at the time of trial, but within the jurisdiction of this Court.

**WHEREFORE**, NAMED PLAINTIFF, individually, and on behalf of all other persons similarly situated, by his and their attorneys, respectfully prays for relief against DEFENDANT and DOES 1 through 100 inclusive, and each of them as appropriate under the facts and laws of the case, as follows:

1.     For compensatory damages, including without limitation special damages, general damages, incidental damages, and consequential damages, to the extent allowed by law;

2.     For liquidated damages to the extent allowed by law;

3.    For nominal damages to the extent allowed by law and to the extent not subsumed in or superseded by compensatory damages or liquidated damages

4.    For restitution and/or disgorgement to the extent allowed by law;

5.    For statutory penalties to the extent allowed by law, including without limitation any section, subsection, or provision of the Labor Code and/or any IWC Wage Order;

6.    For civil penalties to the extent allowed by law, including without limitation any section, subsection, or provision of the Labor Code and/or any IWC Wage Order;

7.    For prejudgment interest at the statutory rate of 10 per cent per annum to the fullest extent allowable or required by law;

8.    For costs and disbursements to the fullest extent allowable or required by law;

9.    For reasonable attorneys' fees to the fullest extent allowable or required by law; and,

12.    For such other, further, or different relief as the Court may deem proper.

Dated: November 14, 2018               **RASTEGAR LAW GROUP, APC**

By: _____

Douglas W. Perlman
Attorney for Plaintiffs

1

**DEMAND FOR JURY TRIAL**

2

3      NAMED PLAINTIFF, on behalf of himself and all others similarly situated, hereby

4  demands a jury trial with respect to all issues triable of right by jury.

5

6

7  Dated: November 14, 2018                              **RASTEGAR LAW GROUP, APC**

8

9                                    By:  _____

10                                         Douglas W. Perlman
                                           Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

COPY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
┌ Farzad Rastegar (SBN: 155555); Douglas Perlman (SBN: 167203)
  RASTEGAR LAW GROUP, APC
  22760 Hawthorne Blvd.,
  Torrance, CA 90505
  TELEPHONE NO.: (310) 961-9600      FAX NO.: (310) 961-9094
ATTORNEY FOR *(Name)*: Louie Ronquillo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.,
MAILING ADDRESS: 111 N. Hill St.,
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Louie Ronquillo v. Amazon.com, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18STCV05155 |
|---|---|---|
| [✓] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 15 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✗] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✗] Substantial amount of documentary evidence
   d. [✗] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*:
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 15, 2018
Douglas Perlman
(TYPE OR PRINT NAME)                    ▶ *[signature]*                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; |
|---|---|---|
| Judicial Council of California CM-010 [Rev. July 1, 2007] | | Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition



**RASTEGAR**
L A W   G R O U P
22760 Hawthorne Boulevard, Suite 200
Torrance, California 90505

David Zapolsky
AMAZON.COM, INC.
410 Terry Ave., North
Seattle, WA 98109

