FARZAD RASTEGAR, State Bar No. 155555
farzad@rastegarlawgroup.com
DOUGLAS W. PERLMAN, State Bar No. 167203
douglas@rastegarlawgroup.com
**RASTEGAR LAW GROUP, APC**
22760 Hawthorne Boulevard, Suite 200
Torrance, California 90505
Tel.: (310) 961-9600
Fax: (310) 961-9094

Attorneys for Plaintiff Louie Ronquillo, individually, and on behalf of all other similarly situated current and former employees of Amazon.com, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE RONQUILLO, individually, and on behalf of all other similarly situated current and former employees of AMAZON.COM, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-00207-AB-FFM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>1. Misclassification of Employees as Independent Contractors (Cal. Labor Code §226.8)<br><br>2. Failure to Provide Rest Breaks (Cal. Labor Code §226.7; IWC Wage Order 9-2001(12) )<br><br>3. Failure to Provide Meal Periods (Cal. Labor Code §226.7; IWC Wage Order 9-2001(11) )<br><br>4. Failure to Pay Minimum Wage and Minimum Overtime Wage (Cal. Labor Code §§ 1194 & 1197)<br><br>5. Failure to Pay All Wages Due to Quitting and Terminated Employees (Cal. Labor Code §§ 201-203)<br><br>6. Failure to Pay All Wages Due (Cal. Labor Code §204)<br><br>7. Failure to Reimburse Employment Related Expenses (Cal. Labor Code § 2802) |

1.
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

8. Failure to Provide Paid Sick Leave (Cal. Labor Code § 246)

9. Failure to Pay Split Shift Premiums (IWC Wage Order 9-2001(4)

10. Failure to Provide Accurate Pay Statements (Cal. Labor Code § 226)

11. Unlawful Business Practices (Cal. Bus. & Prof. Code § 17200)

12. Representative Action for Civil Penalties Under the California Private Attorneys General Act (Cal. Labor Code § 2698 *et seq.*)

**DEMAND FOR JURY TRIAL**
2.
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This action was originally filed in the Superior Court of the State of California, County of Los Angeles, Case No. 18STCV05155. Thereafter, the case was removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**PLAINTIFF**

2. Plaintiff Louie Ronquillo (hereinafter "NAMED PLAINTIFF") on behalf of himself individually, and other similarly situated current and former employees in the State of California (collectively "PLAINTIFFS") of Defendants AMAZON.COM, INC., and AMAZON LOGISTICS, INC. (Amazon Logistics, Inc. was formerly referred to in the pleadings as DOE 1) (hereinafter "DEFENDANTS"), corporations, and Defendants Does 2 through 100 (hereinafter "DEFENDANTS DOES 2 through 100"), (collectively "DEFENDANTS"), bring this Class Action to recover, among other things, unpaid wages earned and penalties due from misclassification as independent contractors, illegal meal period policies and procedures, illegal rest break policies and procedures, failure to pay all wages due, failure to pay all wages due to discharged or quitting employees, failure to pay minimum and overtime wages, failure to provide accurate pay statements, failure to provide paid sick leave, failure to reimburse employment related expenses, unlawful business practices, interest, attorneys' fees, costs, and expenses. PLAINTIFFS reserve the right to name additional class representatives.

3. NAMED PLAINTIFF is a resident of California, County of Los Angeles. At all relevant times, herein, NAMED PLAINTIFF worked for DEFENDANTS as a misclassified independent contractor. NAMED PLAINTIFF should have been classified by DEFENDANTS as a non-exempt, hourly employee.

4. PLAINTIFFS are Delivery Drivers who either currently work, or formerly worked for DEFENDANTS as independent contractors in the State of California within the four (4) years preceding the filing of this action, and who did not employ other individuals to deliver goods for DEFENDANTS.

**DEFENDANTS**

5. At all relevant times alleged herein, PLAINTIFFS are informed and believe, and thereon allege that DEFENDANTS are, and at all times relevant hereto were, corporations. PLAINTIFFS are further informed and believe, and thereon allege, that DEFENDANTS conduct business in the State of California. Specifically, upon information and belief, DEFENDANTS maintain offices and warehouse facilities, and conduct business in, and engage in illegal wage and payroll practices and/or policies in the State of California, County of Los Angeles.

6. The true names and capacities of DEFENDANTS DOES 2 through 100, inclusive, are unknown to PLAINTIFFS who therefore sue said DEFENDANTS DOES 2 through 100 by fictitious names. PLAINTIFFS will amend this Complaint to show their true names and capacities when they have been ascertained.

7. All claims against DEFENDANTS are also pled against DEFENDANTS DOES 2 through 100.

8. PLAINTIFFS are informed and believe and thereon allege that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failure to act were within the course and scope of said agency, employment and/or direction and control.

9. In perpetrating the acts and omissions alleged herein, DEFENDANTS acted pursuant to and in furtherance of its policies and practices of misclassifying their delivery drivers for the purposes of avoiding the requirements of the California Labor Code and IWC Wage Orders.

10. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS have suffered and continue to suffer from unpaid wages in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**STATEMENT OF FACTS**

11.    In or about 2017, NAMED PLAINTIFF commenced employment with DEFENDANTS as a Delivery Driver. NAMED PLAINTIFF was misclassified as an independent contractor. On account of his job duties and the nature of his employment, NAMED PLAINTIFF should have been classified as a non-exempt hourly employee for at least the following reasons:

A.    NAMED PLAINTIFF was not free from the control and direction of DEFENDANTS in connection with the performance of his work. NAMED PLAINTIFF was required to pick up packages to be delivered at a designated warehouse. When NAMED PLAINTIFF picked up packages, he was provided with either a three hour, four hour, or five hour window in which to make all of the deliveries which he was assigned. NAMED PLAINTIFF was required to use DEFENDANTS' software in making the deliveries, and to alert DEFENDANTS when each delivery was made. Moreover, if NAMED PLAINTIFF failed to make all assigned deliveries within the given window, he was required to report to DEFENDANTS the reasons why. NAMED PLAINTIFF was not permitted to work more than eight hours per day.

B.    NAMED PLAINTIFF did not preform work that was outside DEFENDANTS' usual course of business. DEFENDANTS are a company that market goods for sale online. DEFENDANTS' business model is to deliver the goods to the customer, rather than to sell goods in "brick and mortar" stores in which customers must come to the seller. Home delivery is a daily, essential part of DEFENDANTS' business.

C.    NAMED PLAINTIFF was not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed. DEFENDANTS' Delivery Drivers generally work for DEFENDANTS, and only for DEFENDANTS, on a full-time basis. They are not independently established businesses, such as a plumber or an electrician, or a construction contractor, that DEFENDANTS might hire on an as-needed basis, and that spend the majority of their time working for other customers. PLAINTIFFS are an integral and everyday part of DEFENDANTS' business – bringing the goods

to the customer, rather than the customer having to travel to the DEFENDANTS' place of business to pick up purchased goods.

12. The foregoing misclassification of NAMED PLAINTIFF as an independent contractor caused, resulted in, and/or contributed to DEFENDANTS subjecting NAMED PLAINTIFF to the following violations of the California Labor Code and IWC Wage Orders:

A. IWC Wage Order 9-2001(12) requires DEFENDANTS to provide its employees with a paid 10 minute rest break for each four hour work period or major fraction thereof. On account of DEFENDANTS' misclassification of NAMED PLAINTIFF as an independent contractor, NAMED PLAINTIFF was paid on a piece-rate basis. DEFENDANTS' payment arrangements did not include any paid rest breaks. I.e., NAMED PLAINTIFF only earned wages while he was working. If NAMED PLAINTIFF was idle, he was not paid. Therefore, NAMED PLAINTIFF was not provided 10 minute paid rest breaks as required by IWC Wage Order 9-2001(12). Furthermore, NAMED PLAINTIFF was not provided with the extra hour of wages required by the Wage Order and the Labor Code for each shift in which a required rest break was not provided.

B. IWC Wage Order 9-2001(11) and California Labor Code §512 require DEFENDANTS to provide their employees who are employed for a work period of five hours or more with an unpaid 30 minute meal period. DEFENDANTS did not inform NAMED PLAINTIFF of his right to a meal period, and had no policy permitting NAMED PLAINTIFF to take a meal period. As a consequence, NAMED PLAINTIFF was not provided with meal periods as required by California Law. Furthermore, NAMED PLAINTIFF was not provided with the extra hour of wages required by the Wage Order and the Labor Code for each shift in which a meal period was not provided.

C. On a daily basis, when NAMED PLAINTIFF arrived at DEFENDANTS' warehouse to pick up his items for delivery, he was required to wait in a line that typically consumed between 10 and 30 minutes. NAMED PLAINTIFF was not paid for this time, in violation of California Labor Code §§ 1194 and 1197. Furthermore, DEFENDANTS do not pay

time-and-a-half for work over 8 hours in a day, or work over 40 hours in a week. Failure to pay these wages also constitutes a violation of California Labor Code § 204.

      D.     On account of the foregoing Labor Code and Wage Order violations, DEFENDANTS' employees who quit or are terminated are owed substantial wages at the time of termination. However, DEFENDANTS do not pay quitting or terminated PLAINTIFFs these wages. Failure to pay these wages violates California Labor Code §§ 201 and/or 202.

      E.     NAMED PLAINTIFF has incurred employment-related expenses for fuel, mileage, and maintenance in the process of carrying out his job duties. DEFENDANTS do not reimburse their Delivery Drivers, including NAMED PLAINTIFF, for these expenses, which violates California Labor Code § 2802.

      F.     California Labor Code § 226 requires employers to provide their employees with accurate earnings statements containing the following information: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions . . . (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. DEFENDANTS did not and do not provide NAMED PLAINTIFF with wage statements containing this information, due to their misclassification of him as an independent contractor.

      G.     NAMED PLAINTIFF has often had to wait a number of hours after completing assigned deliveries before the next group of assigned deliveries was provided. This practice constitutes a split shift pursuant to IWC Wage Order 9-2001(4)(C). DEFENDANTS do not pay NAMED PLAINTIFF the required extra hour of wages resulting from split shifts.

      H.     California Labor Code § 246 requires employers to provide paid sick leave.  Due to DEFENDANTS' misclassification of their delivery drivers as independent contractors, paid sick leave was not provided to NAMED PLAINTIFF.

      13.     On information and belief, the other Delivery Drivers employed by DEFENDANTS as independent contractors in the State of California are similarly situated to NAMED PLAINTIFF, as DEFENDANTS' illegal policies and practices set forth above were applied consistently to all PLAINTIFFS.  These policies and practices were designed for the sole and exclusive benefit of DEFENDANTS.

      14.     DEFENDANTS' aforementioned unlawful policies and practices were in effect throughout PLAINTIFF'S employment with DEFENDANTS, and were applied uniformly to NAMED PLAINTIFF and his co-workers.

## CLASS ACTION DESIGNATION

      15.     PLAINTIFFS' causes of action for misclassification, failure to authorize and permit rest breaks, failure to provide meal periods, failure to pay minimum wage, failure to pay all wages due, failure to pay all wages due to discharged or quitting employees, failure to provide accurate pay statements, failure to reimburse employment related expenses, failure to provide sick leave, and unlawful business practices, are appropriately suitable for class treatment because:

      A.     The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

      B.     This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal employment and payroll practices and policies, which was applied to all similarly situated misclassified Delivery Drivers in violation of the California Labor Code, the IWC Wage Order, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

      C.     The claims of the NAMED PLAINTIFF are typical of the class because DEFENDANTS subjected all of their similarly situated misclassified Delivery Drivers to the

identical violations of the California Labor Code, IWC Wage Order, and California Business and Professions Code.

D. The NAMED PLAINTIFF is able to fairly and adequately protect the interests of all members of the Class because it is in NAMED PLAINTIFF's best interest to prosecute the claims alleged herein to obtain full compensation due to PLAINTIFFS for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

**Misclassification of Employees as Independent Contractors**

**[California Labor Code § 226.8]**

**(Against All Defendants)**

16. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 15, inclusive.

17. At all times relevant herein, California Labor Code § 226.8 was in effect and was binding on DEFENDANTS. California Labor Code § 226.8 prohibits employers from misclassifying employees as independent contractors.

18. DEFENDANTS violated California Labor Code § 226.8 by misclassifying PLAINTIFFS as independent contractors rather than as employees, as set forth in Paragraphs 11-14 above.

19. As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses and costs of suit.

## SECOND CAUSE OF ACTION

**Failure to Provide Required Rest Breaks**

**[California Labor Code § 226.7]**

**(Against All Defendants)**

20. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 19, inclusive.

21.     At all times relevant herein, California Labor Code § 226.7 and IWC Wage Order 9-2001(12) were in effect and binding upon DEFENDANTS. California Labor Code § 226.7 and IWC Wage Order 9-2001(12) require DEFENDANTS to authorize and permit employees to take a 10 minute, uninterrupted paid rest break for each four-hour work period or major fraction thereof. On account of the misclassification of PLAINTIFFS set forth above, DEFENDANTS failed to authorize and permit PLAINTIFFS to take 10 minute paid rest breaks. Furthermore, if PLAINTIFFS took an unauthorized rest break while working, they were not paid for the rest break, as they were not earning wages during the time they were not driving.

22.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order 9-2001(12) by failing to pay PLAINTIFFS who were not provided with legally-compliant rest breaks as required an additional one (1) hour of compensation for each work period in which a legally-compliant rest break was not authorized and permitted.

23.     As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Provide Required Meal Periods

**[California Labor Code §§ 226.7, 512]**

**(Against All Defendants)**

24.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 23, inclusive.

25.     At all times relevant herein, California Labor Code §§ 226.7 and 512, and IWC Wage Order 9-2001(11) were in effect and binding upon DEFENDANTS. California Labor Code §§ 226.7 and 512, and IWC Wage Order 9-2001(11) require DEFENDANTS to provide employees working five hours or more with a 30 minute, uninterrupted unpaid meal period. On account of the misclassification of PLAINTIFFS set forth above, DEFENDANTS failed to

10.
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

provide PLAINTIFFS with 30 minute, uninterrupted unpaid meal periods when they worked shifts of five hours or more.

26. DEFENDANTS further violated California Labor Code §§ 226.7 and 512, and IWC Wage Order 9-2001(11) by failing to pay PLAINTIFFS who were not provided with legally-compliant meal periods as required an additional one (1) hour of compensation for each work period in which a legally-compliant meal period was not provided.

27. As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wage and Minimum Overtime Wage**

**[Cal. Labor Code §§ 1194 and 1197]**

**(Against All Defendants)**

28. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 27.

29. At all times relevant herein, California Labor Code §§ 1194 and 1197 were in effect and binding upon DEFENDANTS. California Labor Code §§ 1194 and 1197 require DEFENDANTS to pay employees the legal minimum wage and the legal minimum overtime wage. On account of the misclassification of PLAINTIFFS set forth above, DEFENDANTS failed to pay PLAINTIFFS the legal minimum wage and the legal minimum overtime wage. This failure was the result of DEFENDANTS requiring PLAINTIFFS to wait in line to pick up their assigned deliveries, without being paid for that time, and a result of DEFENDANTS not paying time-and-a-half for all hours worked over eight in a day and/or over forty in a work week.

30. As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, liquidated damages for failure to pay the minimum wage, interest, penalties, attorneys' fees, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged or Quitting Employees**

**[California Labor Code §§ 201, 202, 203]**

**(Against All Defendants)**

31.   PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 30, inclusive.

32.    Pursuant to California Labor Code §§ 201 and 202, employers, including DEFENDANTS, must make timely payment of the full wages due to their employees who quit or have been discharged.  California Labor Code § 203 provides waiting time penalties for violations of §§ 201 and 202.

33.   At the time of all respective termination and quitting dates of PLAINTIFFS, PLAINTIFFS had unpaid wages which were due, on account of DEFENDANTS' violations of the Labor Code and Wage Order set forth above.  In violation of Labor Code §§ 201, 202, 203, DEFENDANTS failed to pay wages due and owing to PLAINTIFFS who are former employees of DEFENDANTS, in amounts to be proven at the time of trial, and within the jurisdiction of this Court.

34.   DEFENDANTS have committed and continue to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS' rights.  As a direct result, PLAINTIFFS have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.  PLAINTIFFS are therefore entitled to waiting time penalties pursuant to California Labor Code § 203, which provides that an employee's wages will continue as a penalty for up to thirty (30) days from the time the wages are due.

## SIXTH CAUSE OF ACTION

### Failure to Pay All Wages Due

### [Cal. Labor Code § 204]

### (Against All Defendants)

35. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 34.

36. Pursuant to California Labor Code § 204, payment of all wages earned is due a minimum of twice during each calendar month.

37. On account of the wages owing due to the Labor Code and Wage Order violations set forth above, DEFENDANTS failed to pay PLAINTIFFS for all hours worked as required by Labor Code §204.

38. As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial. Therefore, PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANTS owe PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

## SEVENTH CAUSE OF ACTION

### Failure to Reimburse Employment Related Expenses

### [Cal. Labor Code § 2802]

### (Against All Defendants)

39. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 38.

40. Pursuant to California Labor Code § 2802, DEFENDANTS were required to indemnify PLAINTIFFS for all necessary expenditures or losses incurred by PLAINTIFFS in direct consequence of the discharge of their duties.

41. In the course of discharging their duties while working for DEFENDANTS, PLAINTIFFS incurred expenses for, including, but not limited to, fuel for their vehicles, mileage on their vehicles, insurance on their vehicles, maintenance for their vehicles, and other expenses.

1  DEFENDANTS failed to indemnify PLAINTIFFS for any of these expenses, in violation of
2  California Labor Code § 2802.

3      42.    As a proximate result of the aforementioned violations, PLAINTIFFS have been
4  damaged in an amount according to proof at trial.  Therefore, PLAINTIFFS are entitled to recover
5  the unpaid balance of expenses DEFENDANTS owe PLAINTIFFS, plus interest, penalties,
6  attorneys' fees, expenses and costs of suit.

### EIGHTH CAUSE OF ACTION

**Failure to Provide Paid Sick Leave**

**[Cal. Labor Code § 246]**

**(Against All Defendants)**

43.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 42.

44.    Pursuant to California Labor Code §246, DEFENDANTS were required to provide PLAINTIFFS who worked more than 30 days from the commencement of their employment with paid sick leave.

45.    On account of DEFENDANTS' misclassification of PLAINTIFFS as set forth above, DEFENDANTS failed to provide PLAINTIFFS who were so entitled with sick leave, in violation of California Labor Code §246.

46.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial.  Therefore, PLAINTIFFS are entitled to recover the unpaid balance of expenses DEFENDANTS owe PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

### NINTH CAUSE OF ACTION

**Failure to Pay Split Shift Premiums**

**[IWC Wage Order 9-2001(4)]**

**(Against All Defendants)**

47. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 46, inclusive.

48. IWC Wage Order 9-2001(4) requires DEFENDANTS to make a one hour premium payment to their employees who work split shifts.

49. At all relevant times herein, as part of their illegal payroll policies and practices to deprive their non-exempt employees of all wages earned and due, and on account of their misclassification of PLAINTIFFS as independent contractors, DEFENDANTS failed to make split shift premium payments as required by the Wage Order.

50. As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, and expenses and costs of suit.

## TENTH CAUSE OF ACTION

**Failure to Provide Accurate Pay Statements**

**[California Labor Code § 226]**

**(Against All Defendants)**

51. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 50, inclusive.

52. At all relevant times herein, as part of their illegal payroll policies and practices to deprive their non-exempt employees of all wages earned and due, and on account of their misclassification of PLAINTIFFS as independent contractors, DEFENDANTS failed to provide PLAINTIFFS with wage statements and/or accurate wage statements as required by Labor Code § 226.

53. As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, and expenses and costs of suit.

## ELEVENTH CAUSE OF ACTION

**Unlawful Business Practices**

**[California Business and Professions Code § 17200]**

**(Against All Defendants)**

54. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 53, inclusive.

55. By violating the foregoing statutes and Wage Order provisions set forth above, DEFENDANTS engaged in unfair and/or unlawful business practices under California Business and Professions Code § 17200, *et seq*.

56. DEFENDANTS' conduct constitutes an unfair and unlawful business practice, because it was intended to give DEFENDANTS an unfair and unlawful advantage over their competitors engaging in the same or similar businesses. This unfair and unlawful advantage is the result of DEFENDANTS' Labor Code and Wage Order violations set forth above, which reduced DEFENDANTS' costs of delivering goods. This reduction in costs was not enjoyed by DEFENDANTS' competitors who did not engage in the Labor Code and Wage Order violations set forth above.

57. DEFENDANTS' violation of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of PLAINTIFFS and DEFENDANTS' competitors.

58. PLAINTIFFS have suffered damages and/or request damages and/or restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but within the jurisdiction of this Court.

## TWELFTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[California Labor Code §§ 2698-2699.5]**

**(Against All Defendants)**

59. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 58, inclusive, with the exception of the allegations concerning class action designation.

60. Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current and former employees."

61. This action is appropriately suited for a Representative Action because:

A. The individuals that NAMED PLAINTIFF seeks to represent are a significant number. Joinder of all current and former employees individually would be impractical.

B. This action involves common questions of law and fact to the potential representative group because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies resulting from misclassification of employees as independent contractors, which was applied to all Delivery Drivers in violation of the California Labor Code, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

C. The claims of the NAMED PLAINTIFF are typical of the representative group because DEFENDANTS subjected all of their Delivery Drivers to violations of the California Labor Code and Wage Orders.

D. The NAMED PLAINTIFF is able to fairly and adequately protect the interests of all members of the representative group because it is in NAMED PLAINTIFF's best interest to prosecute the claims alleged herein to collect civil penalties due to NAMED PLAINTIFF arising from DEFENDANTS' illegal wage and hour violations.

62. NAMED PLAINTIFF has complied with the requirements set forth in California Labor Code § 2699.3.

63. Pursuant to California Labor Code §§ 2698-2699.5, the PLAINTIFFS are entitled to collect civil penalties from DEFENDANTS in a representative action for the California Labor Code violations set forth above. The PLAINTIFFS therefore seek to collect civil penalties on behalf of the State of California for DEFENDANTS' violations of the California Labor Code including, but not limited to, §§ 201, 202, 203, 204, 226, 226.7, 226.8, 510, 512, 558, 1194, 1197, 1174, 1174.5, and 1197.1, which include, but are not limited to, penalties under Labor Code sections 2699, 210, 226.3, 558, 1174.5 and 1197.1.

64. NAMED PLAINTIFF is entitled to an award of civil penalties as set forth in Labor Code section 2699 on behalf of himself and the Delivery Drivers misclassified by DEFENDANTS. In addition, NAMED PLAINTIFF seeks an award of reasonable attorney's fees and costs.

**WHEREFORE**, NAMED PLAINTIFF, individually, and on behalf of all other persons similarly situated, by his and their attorneys, respectfully prays for relief against DEFENDANTS and DOES 1 through 100 inclusive, and each of them as appropriate under the facts and laws of the case, as follows:

1. For compensatory damages, including without limitation special damages, general damages, incidental damages, and consequential damages, to the extent allowed by law;
2. For liquidated damages to the extent allowed by law;
3. For nominal damages to the extent allowed by law and to the extent not subsumed in or superseded by compensatory damages or liquidated damages
4. For restitution and/or disgorgement to the extent allowed by law;

5. For statutory penalties to the extent allowed by law, including without limitation any section, subsection, or provision of the Labor Code and/or any IWC Wage Order;

6. For civil penalties to the extent allowed by law, including without limitation any section, subsection, or provision of the Labor Code and/or any IWC Wage Order;

7. For prejudgment interest at the statutory rate of 10 per cent per annum to the fullest extent allowable or required by law;

8. For costs and disbursements to the fullest extent allowable or required by law;

9. For reasonable attorneys' fees to the fullest extent allowable or required by law; and,

10. For such other, further, or different relief as the Court may deem proper.

Dated: February 21, 2019                                **RASTEGAR LAW GROUP, APC**

By: _____
Douglas W. Perlman
Attorney for Plaintiffs

19.
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

NAMED PLAINTIFF, on behalf of himself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: February 21, 2019                              **RASTEGAR LAW GROUP, APC**

                                                By:  _____
                                                     Douglas W. Perlman
                                                     Attorney for Plaintiffs

20.
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES